UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISSIAH TRAVIS,<br><br>                                Plaintiff,<br><br>                -against-<br><br>DEPARTMENT OF CORRECTIONS (NYC);<br>NEW YORK CITY; C.O. MCCALL; GRVC<br>MAIL ROOM EMPLOYEES,<br><br>                                Defendants. | 25-CV-5094 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained at the George R. Vierno Center ("GRVC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated July 31, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Issiah Travis brings this action against the New York City Department of Correction ("DOC"), the City of New York, GRVC mailroom officer Ms. McCall, and "GRVC mail room employees." (ECF 1 at 3.) He alleges that the events giving rise to his claims occurred between February 10, 2025, and June 5, 2025, at GRVC. The following allegations are taken

from the complaint.[2] DOC employees assaulted Andre Antrobus, another detainee at GRVC, and took his mail. Unidentified DOC staff tried "to get [Plaintiff] assaulted by inmates" because they "misassume[d]" that he was helping Antrobus. (*Id.* at 4.) Because they believed Plaintiff was helping Mr. Antrobus, these unspecified DOC employees started threatening Plaintiff, "taking [his] evidence," and "ripping up [his] mail." (*Id.*)

Plaintiff alleges that this complaint is his "fourth submission of a [Section] 1983 federal complaint," and that McCall "stated she took [his] mail." (*Id.*) Plaintiff heard from DOC employees that "they rip up our mail, especially CO Lang Cayenne." (*Id.*)

Plaintiff further alleges,

> [U]nreasonable searches for s[ei]zure of exonerating evidence for freedom! Also Blocking and taking writs of Haebus corpus and motions for freedom and liberty! One is they stated several times centuries old institution moved Attorney General 120 Broadway NYC 10271-0332 for long time several writs submitted under 'Mail Box rule'! And 320 Jay st Bkln 11201 moves also 60 center st NYC moved so they Blocking my defense like Antrobus for 40 years.

(*Id.* at 5.)

Plaintiff attaches to the complaint various documents that appear to be written in several different handwritings and bear the signatures of different individuals. Many of those documents contain allegations relating to the experiences of Andre Antrobus. For example, one of the documents is a letter from Mr. Antrobus that appears to be addressed to the Appellate Division, Second Department, in which he appears to suggest that DOC employees have been interfering with his mail or blocking his access to the courts. (*See id.* at 18-19.)

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as they appear in the complaint unless otherwise noted.

Another attached document is an "affidavit" that alleges, *inter alia,* "Covid is part of New World Order scheme to move up to level of New World order to use as excuses . . .. D-O-C- and courts do not follow covid-19 protocols still house, line-up and pen like cattle or chattel [illegible] to make a dollar." (*Id.* at 13.) That statement appears to have been signed by seven individuals, none of whom is Plaintiff.

Also attached are photocopies of mailing envelopes that have been returned and that bear the names of Rikers detainees Andre Antrobus, Roy Higgins, and Brian Shabazz Palmer.[3] None of the envelopes appear to have been mailed by Plaintiff or bear Plaintiff's name.

Plaintiff describes his injuries as "liberty and freedom"; "Due process violations"; "Blocking my defense"; and that he "suffer[s] retaliations of assaults and violence." (*Id.* at 5.)

Plaintiff seeks money damages.

## DISCUSSION

### A.    Claims on behalf of others

To the extent that Plaintiff seeks to assert claims on behalf of Andre Antrobus or any other individuals, the Court must dismiss those claims. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

---

[3] The complaint references "evidence exhibits" that allegedly demonstrate "[f]raudulent USPS stamps" and "[f]raudulent USPS stickers" that do not have "wiggley void lines on stamps." (*Id.* at 12.)

4

Plaintiff has not alleged any facts suggesting that he is an attorney. Therefore, he cannot assert any claims on behalf of Andre Antrobus, or anyone else, and the Court dismisses any claims Plaintiff asserts on behalf of others.

**B.      Claims against DOC and the City of New York**

Plaintiff brings claims against the DOC. As an agency of the City of New York, however, the DOC is not an agency that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) (" [A] plaintiff is generally prohibited from suing a municipal agency."). Any claims against the DOC must be brought against the City of New York. The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also names the City of New York as a defendant. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town*

*of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege facts suggesting that the City of New York has a policy, practice, or custom that has violated his federal constitutional rights. Plaintiff therefore fails to state a Section 1983 claim against the City of New York. The Court grants Plaintiff leave to file an amended complaint alleging facts to state a viable Section 1983 claim against the City of New York.

**C.      Interference with mail claims**

Plaintiff alleges that DOC employees have interfered with or tampered with his mail. A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's allegations concerning his legal mail implicate both an access-to-courts claim and a general mail tampering claim.

1.      Access to courts

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or

6

adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92–93

(2d Cir. 2004) (internal quotation marks and citation omitted). Assistance from prison authorities,

however, is "only the means for ensuring a reasonably adequate opportunity to present claimed

violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351

(1996) (internal quotation marks omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing

that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual

injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320

F.3d at 351 (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403,

415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of

action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation

caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to

work on one's legal action or communicate with the courts does not rise to the level of a

constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing

*Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)). Furthermore, when a prisoner with

appointed counsel claims that prison officials hindered his efforts to defend himself or pursue

other legal claims, "he must show that, on the facts of his case, the provision of counsel did not

furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d

at 98.

Here, Plaintiff is a pretrial detainee with pending criminal proceedings. Many of the

allegations regarding interference with the mail appear to pertain to Antrobus or other detainees.

The only relevant allegations Plaintiff asserts that involve his own direct experiences are that he

has previously submitted Section 1983 complaints, and that Ms. McCall "stated she took [his]

7

mail." (ECF 1, at 4.) Even if the Court liberally construed Plaintiff's allegations as claiming that Ms. McCall confiscated his mail, which does not appear to be the case, he still does not allege any facts suggesting that he is pursuing a "nonfrivolous, 'arguable' underlying claim" that has been hindered as a result of delays, withholding, or opening of his mail. *Harbury*, 546 U.S. at 415. Furthermore, even if Plaintiff, who is presumably represented by counsel in his pending criminal case, is pursuing a meritorious legal issue arising from his criminal proceedings, he does not allege any facts explaining why his counsel would be unable to assert the claim on his behalf, including any claim for *habeas corpus* relief. *See Bourdon*, 386 F.3d at 98. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his defense attorney could not raise any arguments in his criminal case, he fails to state an access to courts claim under the First Amendment.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend this claim. Should Plaintiff intend to pursue this claim, he should name as defendants the individuals whom he alleges denied him access to the courts and allege facts suggesting that he personally was hindered from pursuing an arguably meritorious legal claim on his own behalf.

2.    Mail tampering claim

To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id*. at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that Defendants interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. It is unclear which allegations in the complaint relate to Plaintiff's own experience, rather than to the experiences of Mr. Antrobus or other detainees. While Plaintiff appears to allege that Ms. McCall, who is a mailroom officer, "took" his mail, he does not allege any facts suggesting that she tampered with it, or, even if she did, he does not allege when and how often such tampering occurred. While Plaintiff alleges that he "heard" from DOC employees that "they rip up our mail," such speculation is insufficient to demonstrate an ongoing practice of tampering with his personal mail. Plaintiff's allegations do not suggest that Defendants subjected him to regular and unjustifiable interference with his mail or that such interference affected his ability to access the courts or his counsel.

The Court grants Plaintiff leave to amend his mail tampering claim in an amended complaint that complies with the standards set forth above.

**D.    Failure to protect claim**

Plaintiff's allegations that correction officials at GRVC allowed other detainees to assault him suggest Plaintiff may be attempting to assert a failure to protect claim. Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting them from harm caused by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). A pretrial detainee asserting a failure to protect claim under the Fourteenth Amendment's Due Process Clause must plead two elements: (1) an "objective" element, which requires a showing that the risk of harm is sufficiently serious, and (2) a "mental" element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)

9

("Evidence that a risk was obvious or otherwise must have been known to a defendant may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk." (quotation marks omitted)). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 28 (2d Cir. 1988) ("[A] prisoner cannot base a federal civil rights action brought under 42 U.S.C. § 1983 on claims of a negligent failure of state prison officials to protect him from injury at the hands of another inmate.").

Here, Plaintiff alleges: "Retaliation of DOC employees to get me assaulted by inmates which happen several times cause denial of medical!" (ECF 1 at 4.) This statement is insufficient to state a viable failure to protect claim. Plaintiff does not name any defendants who were personally involved in allowing inmates to assault him. Nor does he provide any information about where and when these events occurred. Furthermore, it is not clear from Plaintiff's allegation whether he was assaulted or whether he was denied medical care.

The Court grants Plaintiff leave to replead a failure to protect claim in an amended complaint that names as defendants the individual DOC employees he alleges failed to protect him and alleges details about where, when, and how often the alleged violations occurred.

### E.    First Amendment retaliation claim

In his complaint, Plaintiff suggests that DOC employees violated his rights in retaliation for his having provided assistance to Mr. Antrobus. The Court construes these allegations as an attempt to assert a First Amendment retaliation claim. To state such a claim, a prisoner must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected . . . [conduct] and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (second

alteration in original) (internal quotation marks and citation omitted). Examples of speech

protected under the First Amendment include a prisoner filing a grievance on one's own behalf,

*Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996), or on behalf of other prisoners as a member

of an inmate grievance body, *Dolan v. Connolly*, 794 F.3d 290, 294-95 (2d Cir. 2015), or stating

that he or she intends to file a grievance, *Coleman v. Beale*, 636 F. Supp. 2d 207, 211 (W.D.N.Y.

2009). An adverse action is any "retaliatory conduct that would deter a similarly situated

individual of ordinary firmness from exercising his or her constitutional rights." *Davis*, 320 F.3d

at 353 (internal quotation marks and citation omitted). "In order to satisfy the causation

requirement, allegations must be sufficient to support the inference that the speech [or conduct]

played a substantial part in the adverse action." *Id.* at 354 (internal quotation marks and citation

omitted). For example, "[a] plaintiff can establish a causal connection that suggests retaliation by

showing that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558

F.3d 119, 129 (2d Cir. 2009).

Nevertheless, "because virtually any adverse action taken against a prisoner by a prison

official—even those otherwise not rising to the level of a constitutional violation—can be

characterized as a constitutionally proscribed retaliatory act," the United States Court of Appeals

for the Second Circuit has instructed that federal district courts must "approach prisoner

retaliation claims with skepticism and particular care." *Dolan*, 794 F.3d at 295 (internal quotation

marks and citation omitted); *see also Graham*, 89 F.3d at 79 ("Retaliation claims by prisoners are

prone to abuse since prisoners can claim retaliation for every decision they dislike." (internal

quotation marks and citation omitted)). Accordingly, First Amendment retaliation claims must be

"supported by specific and detailed factual allegations," and may not be stated "in wholly

conclusory terms." *Dolan*, 794 F.3d at 295 (internal quotation marks and citation omitted).

Here, Plaintiff does not allege sufficient facts to suggest a viable claim for retaliation. It is unclear from Plaintiff's complaint whether, in providing unspecified assistance to Mr. Antrobus "with his legal problems" (ECF 1, at 4), Plaintiff engaged in any activity that was protected under the First Amendment. For example, he does not allege that he filed a grievance using the facility's grievance procedures on his own behalf or on behalf of Mr. Antrobus. Nor does Plaintiff allege sufficient facts to suggest that any legal assistance he may have provided was protected under the First Amendment. *See Shaw v. Murphy*, 532 U.S. 223, 228 (2001) (holding that an inmate has no heightened First Amendment right to provide legal advice to another inmate beyond the general right to communicate with one another set forth in *Turner v. Safely*, 482 U.S. 78 (1987))[4]; *Ahlers v. Grygo*, No. 02-CV-3256 (JG) (LB), 2009 WL 3587483, at \*4 (E.D.N.Y. Oct. 27, 2009) ("Reporting the wrongdoing of corrections officers and other prison officials, and providing legal assistance to others who report such wrongdoing, qualifies as protected speech under the First Amendment" for purposes of a retaliation claim (citing *Shaw* and *Turner*)); *Auleta v. LaFrance*, 233 F. Supp. 2d 396, 399-401 (N.D.N.Y. 2002) (applying *Shaw* and *Turner* and holding that "the placement of an inmate in keeplock because he provided authorized legal assistance to another inmate as part of his assigned employment activities is not reasonably related to legitimate penological interest"); *see also Upsolve, Inc. v. James*, 155 F.4th 133, 143-44 (2d Cir. 2025) (holding that New York's statutes regulating the unauthorized practice of law are content neutral and, therefore, subject only to intermediate scrutiny).

---

[4] In *Turner*, the Supreme Court held that a prison regulation impinging on a prisoner's constitutional rights is valid "if it is reasonably related to a legitimate penological interest." 482 U.S. 78, 89 (1987). Applying that rule, the Court in Turner upheld as reasonable a rule prohibiting communication between prisoners at different institutions, except for correspondence that was between family members, that concerned legal matters, or that was in the best interest of the involved parties. *Id.* at 81-82, 91-92.

Moreover, other than an allegation that unnamed DOC employees "tried to get [him] assaulted by inmates" (ECF 1, at 4), Plaintiff does not allege facts suggesting a causal connection between any assistance he provided to Mr. Antrobus and the alleged adverse actions taken against him by DOC employees, *see Espinal,* 558 F.3d at 129. Plaintiff also does not identify which DOC staff members allegedly retaliated against him. Plaintiff therefore fails to state a viable claim for First Amendment retaliation, and the Court dismisses these claims for that reason. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state a claim of retaliation under Section 1983. Specifically, he must allege facts showing that he engaged in protected speech or conduct under the First Amendment and that there was a causal connection between his protected activity and any adverse action. In his amended complaint, Plaintiff should also provide facts explaining the nature of the alleged assistance that he provided to Mr. Antrobus, including the dates of his assistive conduct, how his assisting Mr. Antrobus led to the alleged violations of his rights, and who retaliated against him.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days'

leave to amend his complaint to address the deficiencies identified above.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

### CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 60 days of the date of this order, caption the document as an "Amended Complaint," and

label the document with docket number 25-CV-5094 (LTS). An Amended Civil Rights

Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the

complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 3, 2025
          New York, New York

        /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED**

**COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes    □ No

(check one)

**___ Civ. _____ (    )**

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____

ID#_____

Current Institution_____

Address_____

_____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

*Rev. 01/2010*                                        1

Defendant  No. 2      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<table>
<tr><td>Who did<br>what?</td></tr>
</table>

Defendant  No. 4      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

<table>
<tr><td>What<br>happened<br>to you?</td></tr>
</table>

_____

_____

_____

*Rev. 01/2010*                                       2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

_____

2.    What was the result, if any?

_____

_____

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

*Rev. 01/2010*                                    4

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*                                    5

_____

_____

_____

**VI.    Previous lawsuits:**

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes \_\_\_\_  No \_\_\_\_

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes \_\_\_\_  No \_\_\_\_

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes \_\_\_\_    No \_\_\_\_

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                     6

6.    Is the case still pending?  Yes _____  No _____
       If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
       _____
       _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number              _____

Institution Address         _____

                                        _____

                                        _____

                                        _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

*Rev. 01/2010*                                                     7